Neil J. McNabnay (*pro hac vice to be filed*)
mcnabnay@fr.com
Ricardo J. Bonilla (*pro hac vice to be filed*)
rbonilla@fr.com
Michael A. Vincent (*pro hac vice to be filed*)
vincent@fr.com
FISH & RICHARDSON, P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Michael R. Headley (SBN 220834)
headley@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Defendant
Afterlight Collective, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rothschild Patent Imaging, LLC,<br><br>     Plaintiff,<br><br> v.<br><br>Afterlight Collective, Inc.,<br><br>     Defendant. | Case No. 2:23-cv-00456-JDP<br><br>DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT<br><br>JURY TRIAL DEMANDED |

Defendant Afterlight Collective, Inc. ("Afterlight" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Rothschild Patent Imaging LLC ("Plaintiff" or "RPI") Complaint for Patent Infringement ("Complaint"). Afterlight denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## PARTIES

1. Afterlight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Afterlight admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Afterlight admits that the Complaint purports to set forth an action for infringement under 35 U.S.C. § 1, et seq. seeking damages, as well as attorneys' fees and costs. Afterlight denies it has committed or is committing acts of infringement.

4. Afterlight admits that the Court has subject matter jurisdiction for this action. Afterlight denies it has committed or is committing acts of infringement. Afterlight denies any remaining allegations in Paragraph 4 of the Complaint.

5. Afterlight does not contest that the Court has personal jurisdiction over it in this case. Afterlight admits that it conducts business in the District. Afterlight denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. Afterlight admits that it conducts business in this District. Afterlight denies the remaining allegations in Paragraph 6 of the Complaint.

7. Afterlight does not contest that venue is proper in this case. Afterlight denies the remaining allegations in Paragraph 7 of the Complaint.

---

[1] For avoidance of doubt, Afterlight denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

## BACKGROUND

8. Afterlight admits the '797 Patent speaks for itself. Afterlight denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 8 of the Complaint.

9. Afterlight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10. Afterlight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Afterlight admits the '797 Patent speaks for itself. Afterlight denies the '797 Patent is patent-eligible. Afterlight denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 11 of the Complaint.

12. Afterlight admits the '797 Patent speaks for itself. Afterlight denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 12 of the Complaint.

13. Afterlight admits the '797 Patent speaks for itself. Afterlight denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 13 of the Complaint.

14. Afterlight admits the '797 Patent speaks for itself. Afterlight denies the claims of the '797 Patent are novel or non-obvious. Afterlight denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 14 of the Complaint.

15. Afterlight admits the '797 Patent speaks for itself. Afterlight denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 15 of the Complaint.

16. Afterlight admits the '797 Patent speaks for itself. Afterlight denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 16 of the Complaint.

17. Afterlight admits the '797 Patent speaks for itself. Afterlight denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 17 of the Complaint.

**COUNT I**
**([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 8,437,797)**

18. Afterlight's responses to the above Paragraphs are incorporated as though fully set forth herein.

19. Afterlight admits that the Complaint purports to set forth an action for infringement under 35 U.S.C. § 271. Afterlight denies it has committed or is committing acts of infringement.

20. Afterlight denies the allegations in Paragraph 20 of the Complaint

21. Afterlight denies the allegations in Paragraph 21 of the Complaint

22. Afterlight denies the allegations in Paragraph 22 of the Complaint.

23. Afterlight denies the allegations in Paragraph 23 of the Complaint.

24. Afterlight denies the allegations in Paragraph 24 of the Complaint.

25. Afterlight denies the allegations in Paragraph 25 of the Complaint.

26. Afterlight denies the allegations in Paragraph 26 of the Complaint.

27. Afterlight denies the allegations in Paragraph 27 of the Complaint.

28. Afterlight denies the allegations in Paragraph 28 of the Complaint.

29. Afterlight denies the allegations in Paragraph 29 of the Complaint.

30. Afterlight denies the allegations in Paragraph 30 of the Complaint.

31. Afterlight denies the allegations in Paragraph 31 of the Complaint.

32. Afterlight denies the allegations in Paragraph 32 of the Complaint.

33. Afterlight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, on that basis, denies all such allegations.

**[PLAINTIFF'S] JURY DEMAND**

34. Plaintiff's demand for a jury trial does not require a response.

### [PLAINTIFF'S] PRAYER FOR RELIEF

Afterlight denies the Plaintiff is entitled to any relief from Afterlight and denies the allegations contained in Paragraphs (a)-(d) of Plaintiff's Prayer for Relief.

### AFFIRMATIVE DEFENSES

Afterlight's Affirmative Defenses are listed below. Afterlight reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

Afterlight has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '797 Patent.

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '797 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '797 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Afterlight's actions allegedly infringe the '797 Patent, Afterlight is not liable to Plaintiff for the acts alleged to have been performed before Afterlight received actual notice that it was allegedly infringing the '797 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Afterlight indirectly infringes, either by contributory infringement or inducement of infringement, Afterlight is not liable to Plaintiff for the acts alleged to have been performed before Afterlight knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the '797 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Afterlight.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '797 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Afterlight infringes the '797 Patent.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '797 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

**TWELFTH AFFIRMATIVE DEFENSE**

Should Afterlight be found to infringe any valid, enforceable claim of the '797 Patent, such infringement was not willful.

**AFTERLIGHT'S COUNTERCLAIMS**

For its counterclaims against Plaintiff Rothschild Patent Imaging LLC ("RPI"), Counterclaim Plaintiff Afterlight Collective, Inc. ("Afterlight"), alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Afterlight Collective, Inc. is an entity organized and existing under the laws of California that maintains a place of business at 2013 Nicklaus Cir., Roseville, CA 95678.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Rothschild Patent Imaging LLC is a limited liability company organized and existing under the laws of Texas that maintains a place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, Florida 33301.

## JURISDICTION

3. Afterlight incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. RPI has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on RPI's filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. Afterlight incorporates by reference Paragraphs 1–6 above.

8. Based on RPI's filing of this action and at least Afterlight's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Afterlight infringes U.S. Patent No. 8,437,797 (the "'797 Patent").

9. Afterlight does not infringe at least Claim 16 of the '797 Patent because, *inter alia*, the accused system does not perform the step of filtering the plurality of photographic images using a transfer criteria. In its Preliminary Response during *inter partes* review of the '797 Patent, Patent Owner construed the term "transfer criteria" as "a pre-defined criteria for filtering the images."

(IPR2015-00474, April 20, 2015.) The accused product does not use a "transfer criteria" under this disclaimed construction.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Afterlight requests a declaration by the Court that Afterlight has not infringed and does not infringe any claim of the '797 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11. Afterlight incorporates by reference Paragraphs 1–10 above.

12. Based on RPI's filing of this action and at least Afterlight's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '797 Patent.

13. The earliest application to which the asserted '797 Patent claims priority was filed on August 8, 2008.

14. U.S. Patent No. 7,369,164 to Parulski, et al. ("Parulski") issued from U.S. Pat. App. No. 10/411,753, which was filed on April 11, 2003.

15. Parulski is prior art to the asserted '797 Patent.

16. Parulski does not appear in the file history of the application from which the '797 Patent issued.

17. Claim 16 of the asserted '797 Patent begins with a preamble that reads "A method performed by an image-capturing mobile device, comprising"

18. Parulski's Abstract states, among other things, "A method for capturing images using a digital camera and organizing the captured images for storage into electronic albums, . . . ."

19. Claim 16 of the asserted '797 Patent requires, among other things, "receiving a plurality of photographic images."

20. Parulski, at 7:20–21, states that the "digital camera 300 produces digital images that are stored on the removable memory card 330."

21. Claim 16 of the asserted '797 Patent requires, among other things, "filtering the plurality of photographic images using a transfer criteria" under Plaintiff's interpretation of the claims.

22. Parulski, at 8:51–53, states that a "user can press the 'favorite' button 364 to tag the displayed image as a favorite image." Parulski, at 12:29–35, states that "after the user presses the 'favorite' button 364, the image processor 320 in the digital camera 300 updates the GUI screen displayed on the color LCD display 332 to be as shown in FIG. 7B. The GUI screen 500B in FIG. 7B includes a 'favorite' indicator 506B, for example, the heart shaped icon shown in FIG. 7B." Parulski's FIG. 7B is shown below.



23. Claim 16 of the asserted '797 Patent requires, among other things, "transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images."

24. Parulski, at 8:59–61, states that "the interface between the digital camera 300 and the home computer 10 can be a wireless interface." Parulski, at 14:37–38, states that "FIG. 9A depicts an example of a computer user interface screen for displaying all of the transferred images." Parulski's FIG. 9A is shown below.



FIG. 9A

25. Claim 16 of the asserted '797 Patent requires, among other things, that "the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon an affinity group associated with the second mobile device."

26. Parulski, at 23:24–27, discloses "a 'Share Photos' icon 1236 that can be used to enable another GUI screen (not shown) to allow images in a selected album to be shared with one or more designees of the user, . . . ."

27. Parulski anticipates and/or renders obvious the claims of the '797 Patent under Plaintiff's interpretation of the claims.

28. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Afterlight requests a declaration by the Court that the claims of the '797 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Afterlight asks this Court to enter judgment in Afterlight's favor and against RPI by granting the following relief:

a) a declaration that the '797 Patent is invalid;

b) a declaration that Afterlight does not infringe, under any theory, any valid claim of the '797 Patent that may be enforceable;

c) a declaration that RPI take nothing by its Complaint;

d) judgment against RPI and in favor of Afterlight;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Afterlight of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

**JURY DEMAND**

Afterlight hereby demands trial by jury on all issues.

Dated: April 6, 2023              FISH & RICHARDSON P.C.

By: /s/ *Michael R. Headley*
         Michael R. Headley

Attorneys for Defendant
Afterlight Collective, Inc.