Randall T. Garteiser (CA State Bar No. 231821)
  rgarteiser@ghiplaw.com
Christopher A. Honea (CA State Bar No. 232473)
  chonea@ghiplaw.com
GARTEISER HONEA—IP TRIAL BOUTIQUE
119 W Ferguson, Tyler, TX  75702
Telephone: (415) 785-3762

*Attorneys for Rothschild Patent Imaging, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROTHSCHILD PATENT IMAGING, LLC, <br><br> **Plaintiff,** <br><br> v. <br><br> AFTERLIGHT COLLECTIVE, INC., <br><br> **Defendant.** | **CASE NO. 2:23-cv-00456-JDP** <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** <br><br> **PLAINTIFF'S RESPONSE IN OPOSITION TO DEFENDANT'S MOTION TO DISMISSS** |

<u>**PLAINTIFF'S RESPONSE IN OPPOSITION TO**</u>
<u>**DEFENDANT'S MOTION TO DISMISS**</u>

# PATENT CLAIMS AT ISSUE[1]

1. An image-capturing mobile <u>device</u>, comprising

   [a[ a wireless receiver;

   [b] a wireless transmitter; and

   [c] a processor operably connected to the wireless receiver and the wireless transmitter,

   [d] wherein the processor is configured to initiate and/or perform receiving a plurality of photographic images;

   [e] filtering the plurality of photographic images using ***a transfer criteria***; and

   [f] transmitting, via the wireless transmitter and to a second mobile device,

   [g[ the filtered plurality of photographic images, wherein <u>***the transfer criteria* is a geographic location of the image capturing mobile device.**</u>

3. The image-capturing mobile <u>device</u> of claim 1, wherein <u>***the transfer criteria* is a subject identification of a respective photographic image within the plurality of photographic images**</u>.

4. The image-capturing mobile <u>device</u> of claim 3, wherein the image-capturing mobile device and the second mobile capturing device are disposed in a selectively paired relationship with one another based upon the subject identification.

5. An image-capturing mobile <u>device</u>, comprising

   [a] a wireless receiver;

   [b] a wireless transmitter; and

   [c] a processor operably connected to the wireless receiver and

   [d] the wireless transmitter,

---

[1] The format of having the patent claims at issue for the dispute is required for all appeals to the Federal Circuit. There is no sur-reply in this District under the local rules. Plaintiff respectfully asks that these pages provided for the Court's convenience do not count towards the page limit total for Plaintiff's only filing to advocate for not invalidating all the claims of the patent-in-suit.

[e] wherein the processor is configured to initiate and/or perform receiving a plurality of photographic images:

[f] filtering the plurality of photographic images using ***a transfer criteria***; and

[g] transmitting, via the wireless transmitter and to a second mobile device, the filtered plurality of photographic images,

**[h] wherein *the transfer criteria* is a geographic location associated with a respective photographic image within the plurality of photographic images.**

6. An image-capturing mobile <u>device</u>, comprising

  [a] a wireless receiver;

  [b] a wireless transmitter; and

  [c] a processor operably connected to the wireless receiver and the wireless transmitter,

  [d] wherein the processor is configured to initiate and/or perform receiving a plurality of photographic images;

  [e] filtering the plurality of photographic images using ***a transfer criteria***;

  [f] transmitting, via the wireless transmitter and

  [g] to a second mobile device, the filtered plurality of photographic images; and

  [h] receiving, via the wireless receiver and

  [i] from the second mobile device, ***the transfer criteria***.

7. The image-capturing mobile <u>device</u> of claim 6, wherein the <u>transmitting is conditional upon the image-capturing mobile device and the second mobile device meeting a predefined pairing criteria</u>.

8. An image-capturing mobile <u>device</u>, comprising

  [a] a wireless receiver;

  [b] a wireless transmitter; and

  [c] a processor operably connected to the wireless receiver and the wireless transmitter,

  [d] wherein the processor is configured to initiate and/or perform receiving a plurality of photographic images:

  [e] filtering the plurality of photographic images using *a transfer criteria*; and

  [f] transmitting, via the wireless transmitter and to a second mobile device,

[g] the filtered plurality of photographic images,

[h] wherein the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon an affinity group associated with the second mobile device.

9. A <u>method</u> preformed by an image-capturing mobile device, comprising

[a] receiving a plurality of photographic images;

[b] filtering the plurality of photographic images using a transfer criteria; and

[c] transmitting, via a wireless transmitter and to

[d] a second image capturing device,

[e] the filtered plurality of photographic images,

[f] wherein the <u>*transfer criteria*</u> <u>is a geographic location of the image capturing mobile device</u>.

10. The <u>method</u> of claim 9, wherein the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon the geographic location.

11. The <u>method</u> of claim 9, wherein ***the transfer criteria*** **<u>is a subject identification of a respective photographic image within the plurality of photographic images</u>.**

12. The <u>method</u> of claim 11, wherein the image-capturing mobile device and the second mobile capturing device are disposed in a selectively paired relationship with one another based upon the subject identification.

13. A <u>method</u> performed by an image-capturing mobile device, comprising

receiving a plurality of photographic images;

filtering the plurality of photographic images using a trans fer criteria; and

transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images,

wherein <u>*the transfer criteria*</u> <u>is a geographic location associated with a respective photographic image with the plurality of photographic images</u>.

14. The <u>method</u> of claim 13, wherein the processor is further configured to initiate and/or perform receiving, via the wireless receiver and from the second mobile device, *the transfer criteria*.

15. The <u>method</u> of claim 13, wherein the transmitting is conditional upon the image-capturing mobile device and the second mobile device meeting a predefined pairing criteria.

16. A <u>method</u> performed by an image-capturing mobile device, comprising
  [a] receiving a plurality of photographic images;
  [b] filtering the plurality of photographic images using *a transfer criteria*; and
  [c] transmitting, via a wireless transmitter and to
  [d] a second image capturing device,
  [e] the filtered plurality of photographic images,
  [f] wherein the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon an affinity group associated with the second mobile device.

# TABLE OF CONTENTS

I.   SYNOPSIS. ........................................................................................................1

II.  SUMMARY OF THE INVENTION ................................................................1

III. LEGAL STANDARD ......................................................................................2

IV. ARGUMENT ...................................................................................................4

    A.   Defendant's Motion Is Premature. ........................................................4

    B.   Defendant Relies on Hearsay Exhibits 1-3. ..........................................6

    C.   Defendant's Non-Infringement Allegation is Premature at the Pleading Stage. ....................................................................................6

    D.   The Patent Claims Are NOT Directed to An Abstract Idea. ................7

    E.   Even If the Patent Claims Are Drawn to an Abstract Idea It Is Still Patent Eligible. .....................................................................................7

V.   CONCLUSION ...............................................................................................10

# CASES

*Alice Corp. v. CLS Bank Int'l,* 573 U.S. 208, 217 (2014) ..............................................2, 7

*Allconnect, Inc. v. Consumer Brands, LLC*, 2018 WL 7377934, at *7 (C.D. Cal. 2018) .......................................................................................................7, 8, 10

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.,* 841 F.3d 1288, 1300 (Fed. Cir. 2016)..................................................................................................................3

*Bascom Global Intern. Solns. V. AT&T Mobility*, 827 F.3d 1341, 1350 (Fed. Cir. 2016)...............................................................................................................4, 7

*Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) .......................................2, 3

*Cellspin Soft, Inc. v. Fitbit, Inc.,* 927 F.3d 1306, 1319 (Fed. Cir. 2019) ........................2, 3

*CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011) ...................................................................................................................7

*Diamond v. Diehr*, 450 U.S. 175 (1981)...........................................................................3

*Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 2023 WL 2054379 at *4 (Fed. Cir., Feb. 17, 2023)..............................................................................................2

*ILife Techs., Inc. v. Nintendo of America, Inc.*, 2021 WL 117027 at *2 (Fed. Cir. Jan. 13, 2021) ........................................................................................3

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 70–73 (2012)..............................................................................................................2, 4

*PPS Data LLC v. Jack Henry & Assoc., Inc.,* 404 F.Supp.3d 1021, 1040-41 (E.D. Tex. 2019) ......................................................................................................3

*Solutran v. Elavon*, 931 F.3d 1161, 1167-68 (Fed. Cir. 2019)...........................................3

*TecSec, Inc. v. Adobe, Inc.*, 978 F.3d 1278, 1292-93 (Fed. Cir. 2020)..............................4

*Vineyard Investigations v. E&J Gallo Winery*, 2021 WL 22497 at *6 (E.D. Cal. Jan. 4, 2021)................................................................................................4

## I.   SYNOPSIS.

Rothschild Patent Imaging, LLC ("Plaintiff" and "Counter-Defendant") hereby files this Response in Opposition to Defendant's Motion to Dismiss Pursuant to Rule 12(c). The motion to dismiss is (1) premature, (2) relies on hearsay exhibits 1-3 to purportedly include "evidence" outside the pleadings, (3) fails to address if the order of the claim elements is a claim construction dispute, and (4) contrary to Defendant's proclamation – there is no "representative claim" as Defendant boldly concludes is Claim 16 of the patent-in-suit. The Court should not gloss over the differences in the patent claims of the asserted patent as outlined below.

## II.   SUMMARY OF THE INVENTION

Attached to the Original Complaint is a copy of the patent-in-suit, U.S. Patent 8,437, 797, titled "Wireless Image Distribution System and Method. (Dkt. 1-1). It contains a summary of the invention as stated herein. "The present invention is directed to a system and method for distributing at least one digital photographic image from a capturing device, such as, for example, a digital camera or other mechanism having digital photographic capabilities, to one or more receiving devices, wherein the receiving device(s) is cooperatively structured to automatically and/or selectively receive the digital photographic image(s) from the capturing device." (Dkt. 1-1, Col. 2:15-24).

"In particular, the present invention comprises a capturing device and a receiving device disposed in a communicative relation with one another via, for example, a wireless network. In addition, the devices may be disposed in a selectively paired relation with one another via one or more common pre-defined pairing criteria. In such an embodiment, the devices automatically or selectively disposed in the communicative relation with one another upon disposition of the devices in a predetermined and/or proximate relation with one another, as will be discussed in greater detail below [in the patent specification]." (Dkt. 1-1, Col. 2:25-35).

"In addition, at least one embodiment of the present invention comprises filtering the at least one digital photographic image communicated to and/or received by the

receiving device. For instance, the present invention may include one or more transfer criteria disposed on the capturing device and/or receiving device." (Dkt. 1-1, Col. 2:35-40).

"As will become apparent from the following discussion [in the patent specification], the transfer criteria may be structured to filter the image(s), for example, via object recognition, locational information, time, date, image name, etc." (Dkt. 1-1, Col. 2:40-43).

"These and other objects, features and advantages of the present invention will become clearer when the drawings as well as the detailed description are taken into consideration [in the patent specification]." (Dkt. 1-1, Col. 2:44-47).

### III.   LEGAL STANDARD

It is Black Letter Law that the Asserted Claims of the patents are presumptively novel and non-obvious, drawn to patent-eligible subject matter, and properly examined and allowed by the Examiner(s) at the United States Patent Office. *See, e.g., Cellspin Soft, Inc. v. Fitbit, Inc.,* 927 F.3d 1306, 1319 (Fed. Cir. 2019).

At the pleading stage, the District Court is required by law not only to accept all factual allegations in the operative Complaint as true, but also to draw all reasonable inferences in the patentee's favor. *See e.g., Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 2023 WL 2054379 at *4 (Fed. Cir., Feb. 17, 2023).

Patent eligibility under 35 U.S.C. § 101 is an issue of law that may contain underlying issues of fact. *See Berkheimer v. HP Inc.,* 881 F.3d 1360, 1365 (Fed. Cir. 2018).

To determine whether a patent claims eligible subject matter, this Court follows the Supreme Court's familiar two-step framework. *See Alice Corp. v. CLS Bank Int'l,* 573 U.S. 208, 217 (2014); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 70–73 (2012). First, the Court determines whether the claims are directed to a law of nature, natural phenomenon, or abstract idea. *Alice,* 573 U.S. at 217. If not, then the claims are patent-eligible and the inquiry is over. If so, however, the Court proceeds to the

second step in order to determine whether the claims nonetheless include an "inventive concept" sufficient to transform the nature of the claim into a patent-eligible application. *Id.*

Eligibility of individual claims must be assessed on the whole as an ordered combination; "It is inappropriate to dissect the claims into old and new elements and then to ignore the presence of the old elements in the analysis." *Diamond v. Diehr*, 450 U.S. 175 (1981) (further holding: a new combination "may be patentable even though all the constituents of the combination were well known and in common use before the combination was made").

Whether claims recite an "inventive concept," or something more than "well-understood, routine, conventional activities previously known to the industry," may turn on underlying questions of fact. *Cellspin,* 927 F.3d at 1315.

This Court fully credits the written specification's disclosure of the state of the art, as well as its recitation of improvements over the art, as sufficient to create fact issues precluding summary judgment, as long as such are captured in the claims. *See, e.g., Berkheimer,* 881 F.3d at 1369; *see also PPS Data LLC v. Jack Henry & Assoc., Inc.,* 404 F.Supp.3d 1021, 1040-41 (E.D. Tex. 2019) (collecting cases) ("The Federal Circuit routinely relies on factual assertions in patent specifications not only as some evidence, but conclusive evidence of inventiveness") (emphasis added).

Any statement of a purported "abstract idea" must be "directly tethered to the claim language" and must track the claim language to correctly capture what the patent asserts to be the focus of the claimed advance over the prior art. *See Solutran v. Elavon*, 931 F.3d 1161, 1167-68 (Fed. Cir. 2019).

Claims include an inventive concept when they provide a technological solution to a technological problem. *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.,* 841 F.3d 1288, 1300 (Fed. Cir. 2016). With respect to *Alice* Step One, the notion that the claims at issue recite mere "conventional components" is entirely irrelevant. *See ILife Techs., Inc. v. Nintendo of America, Inc.*, 2021 WL 117027 at *2 (Fed. Cir. Jan. 13, 2021) ("the district court erred

to the extent that it incorporated conventionality of claim elements at step one"; and "[a] claim is not directed to an abstract idea simply because it uses conventional technology"). At the Step One phase, the proper approach is to determine what the claims at issue are "directed to" by evaluating what the patent itself asserts as the "focus" of the claimed advance over the prior art. *TecSec, Inc. v. Adobe, Inc*., 978 F.3d 1278, 1292-93 (Fed. Cir. 2020). Such an analysis must remain true to the language of the claims themselves in light of the specification, and must be careful to avoid overgeneralizing the claims. *Id.* (citing cases). Of course, claims directed to software improvements can be patent-eligible when directed to non-abstract improvements to the functionality of a computer or network platform itself. *Id.* at 1293. In such situations, it is proper to make two inquiries: (i) is the focus of the claimed advance to a solution of a problem specifically arising in the realm of computers; and (ii) is the claim properly characterized as identifying a "specific" improvement in computer capabilities or network functionality, rather than only claiming a desirable result or function. *Id.* (collecting cases).

The incorporation of ordinary hardware components in a patent claim is not dispositive at Step Two. *See, e.g., Vineyard Investigations v. E&J Gallo Winery*, 2021 WL 22497 at *6 (E.D. Cal. Jan. 4, 2021) (*citing Mayo Collaborative Servs. v. Prometheus Labs., Inc*., 566 U.S. 66, 71 (2012)) ("However, the Supreme Court has also recognized that because 'all inventions at some level embody, use, reflect, rest upon, or apply ... abstract ideas,' this exclusionary principle cannot be so broad as to make something unpatentable simply because it involves, at some level, an abstract concept"); *Bascom Global Intern. Solns. V. AT&T Mobility*, 827 F.3d 1341, 1350 (Fed. Cir. 2016) (an inventive concept can be found in the non-conventional and non-generic arrangement even of known, conventional pieces).

## IV. ARGUMENT

### A. Defendant's Motion Is Premature.

Here, at the pleading stage, Plaintiff has not even gotten to a stage to even disclose all of the asserted patent claims, much less meet and confer on a "representative claim."

Defendant concedes that Plaintiff is only required to disclose one asserted claim at the pleading stage to meet the heightened notice requirements. Yet Defendant encourages the Court to accept just one claim, Claim 16, which is a METHOD claim, not an apparatus claim.  Thus, on its face it is not representative of apparatus claims 1, 3, 4, 5, 6, 7, and 8, without even acknowledging the blatant premature nature of a defendant telling the plaintiff what claims the plaintiff is asserting and then use that improper conclusion to embark down the *Alice* rabbit hole analysis.

Moreover, Defendant admits claim construction is an issue and asks the Court to adopt its proposed construction, of one claim term, while ignoring other factual disputes as to the meaning of all of the claim terms. Defendant's motion literally undermines its own motion that there are no underlying factual issues such that this matter is ripe for resolution. without the need to resolve any factual disputes, including claim construction and temporal arrangement of the claim elements and whether it defers in terms of a method versus an asserted apparatus claim.

Thus, the motion is premature. Defendant has not met its burden to establish the prerequisites to even ask the Court to conduct an Alice analysis. The Court should deny the motion to dismiss. Defendant can refile its dispositive motion after Plaintiff identifies the patent claims Plaintiff intends to assert and the Court has a proper Markman Hearing on all of the disputed terms still yet to be identified but including the disputed term "transfer criteria" as the claim language in which this disputed term appears plainly limits it to an identified approach in certain independent claims and dependent claims, which is a disputed factual position Plaintiff takes to Defendant's position. *See e.g.* Dkt. 1-1, Claim 1 ("wherein the transfer criteria is a geographic location of the image capturing mobile device, . . .); Claim 3 ("mobile device of claim 1, wherein the transfer criteria is a subject identification of a respective photographic image within the plurality of photographic images."; Claim 5[h] ("wherein the transfer criteria is a geographic location associated with a respective photographic image within the plurality of photographic images."); Claim 6 ("receiving, via the wireless receiver and from the second mobile device, the

5
PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

transfer criteria."); Claim 13 ("wherein the transfer criteria is a geographic location <u>associated with a respective photographic image</u> with the plurality of photographic images.").

### B. Defendant Relies on Hearsay Exhibits 1-3.

Plaintiff objects and hereby moves to strike Defendant's exhibits 1, 2 and 3. These exhibits are hearsay with no exception that is provided. Defendant's exhibits are not authenticated. They are not even supported by a declaration to being true and correct copies of what they purport to be. A moving party has to do much more in meet its burden to invalidate all of the claims of patent-in-suit at the pleading stage. Moreover, it appears Defendant is attempting to incorporate material plainly outside of the pleading into the court's analysis at the pleading stage.  Defendant does not even properly move for judicial notice from the court.

Thus, this is another independent reason to not grant Defendant's motion to dismiss.

### C. Defendant's Non-Infringement Allegation is Premature at the Pleading Stage.

Defendant contends that "Because RPI alleges infringement based on manual selection of images, it fails to state a claim for relief." (*See* Dkt. 16 at 1:8-10). This premature and misstates Plaintiff's infringement position that will be served when it serves its preliminary patent infringement contentions (PICs). The attached charts of just one claim are meant to provide only the notice requirement and were not suitable for a summary judgment finding of infringement, nor a motion to dismiss finding of non-infringement due to some impossibility theory of Defendant. *See* Dkt. 1-2 at 7 (Afterlight's Accused Product infringes app users receive images "using transfer criteria").)

Defendant improperly attempts to include purportedly IPR proceeding excerpts taken out of context and not a part of the prosecution history, the complaint, or even made by the same entity. (Dkt. 16 at 14). As indicated above, Plaintiff moves to strike inclusion of all three of Defendant's exhibits improperly submitted at this stage and all portion of

Defendant's motion that relies upon these improper exhibits. (*Id.* Citing to Dkt. 16, Ex. C at 11). Additionally, Plaintiff has never construed the term "transfer criteria" and what Defendant appears to cite to is taken out of context and involves the editing of a picture and not the transfer of it.

As such, the Court should deny this motion.

### D. The Patent Claims Are NOT Directed to An Abstract Idea.

Plaintiff's asserted claims will not include claims subject to an abstract idea. *Alice*, 573 U.S. at 217. Plainly, a human cannot be an image capture device, such that this is not situation where a human can perform the steps of the asserted patent claims. *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011) ("[A] claim could be performed in the human mind, or by a human using pen and paper, it is not patent-eligible.").

### E. Even If the Patent Claims Are Drawn to an Abstract Idea It Is Still Patent Eligible.

The patent claims include an "inventive concept" sufficient to transform the nature of the claim into a patent-eligible device and method. *See Allconnect, Inc. v. Consumer Brands, LLC*, 2018 WL 7377934, at *7 (C.D. Cal. 2018).

Defendant directs the Court to the holding in *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016). (Dkt. 16 at 10:10-12). In that case, the patent at issue was directed to filtering content on the Internet. (Allconnect 2018 WL 7377934 at *7 (citing *Bascom* at 1348)). "The Federal Circuit agreed with the district court that filtering content is an abstract idea because it is a longstanding, well-known method of organizing human behavior." *Id.* "But under *Alice* Step Two, the Federal Circuit disagreed with the district court's analysis of **the ordered combination of limitations**." *Id.* (emphasis added). Like in this case, the combination of the limitations is highly relevant to patentability and completely ignored by Defendant. As such, Defendant has not met its burden to invalidate all of the asserted patents, yet to be identified, at the pleading stage.

Case 2:23-cv-00456-DJC-JDP   Document 18   Filed 05/04/23   Page 15 of 18

"As is the case here, an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." at 1350. The Plaintiff had argued that the inventive concept harnessed a technical feature of network technology in a filtering system by associating individual accounts with their own filtering scheme and elements while locating the filtering system on an ISP server. *See Allconnect*, 2018 WL 7377934 at *7; *Bascom* at 1348. "This specific method of filtering Internet content was not as a matter of law conventional or generic." *Id*.

The patent-in-suit explains its inventive concept that is tied to the important claim limitation from "transfer criteria." (Dkt. 1-2 (Claims 1-16)). "Historically, photography, which includes the capturing of still and/or moving images, has been the source of interest and attention for many individuals, and is commonly employed for a variety of purposes, including, for business, pleasure, and as an art form. Particularly, scientists, artists, police enforcement, advertising agencies, and/or the general public use photography and/or capture still and moving images in a number of different circumstances and for various reasons. In particular, the capturing of photographic images may be used as a source of entertainment, to preserve memories, capture special moments, tell a story, or send a message. In addition to a device structured for the primary purpose of capturing images, such as a camera, a number of other electronic devices, such as, for example, cellular telephones, personal digital assistants ('PDA'), etc., include mechanisms and/or various devices for capturing one or more still and/or moving digital photographic images. These various devices allow users to capture images in virtually any location, at virtually any time, and in virtually any situation, and thus the prevalence of photography in today's Society continues to increase." (Dkt. 1-2 at Col. 1:23-43).

The patent-in-suit specification explains as follows. "Oftentimes, groups of individuals appearing in a proximate location to one another find themselves capturing or attempting to capture digital photographic images of the same or similar object(s), Scenery, people, etc. Moreover, these groups of individuals are often friends, family, and/or acquaintances that have the desire to share, distribute, and/or obtain copies of the

8
PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

digital photographic images captured by one another." (Dkt. 1-2 at Col. 1:44-52).

"For exemplary purposes only, weddings, parties, vacations, sporting events, tours, etc., provide an ideal situation where a number of individuals such as, friends, family members, or acquaintances, may be simultaneously taking photographs, attempting to take photographs, or otherwise have the desire to obtain copies of photographs taken by other individuals. In such a situation, it is rather common for one or more of the photographers or individuals capturing the digital photographic image(s) to express his or her intent to share or otherwise distribute the image(s), for instance by e-mailing them directly to the other individuals and/or uploading the image(s) to an accessible location on the World Wide Web. For example, many web sites and/or companies, including, SHUTTERFLY(R, KODAKR EASYSHARER, and SONYRIMAGESTATIONR), provide services for uploading and sharing photographs. While this may be one way to share the image, it is not ideal, as oftentimes, the images are in fact never sent, uploaded, or shared as initially intended. In addition, even in the event the digital photographic images are in fact uploaded to the web servers, it may take days, weeks, or even months to do so, and further, use of these third-party services may often lead to excessive, unnecessary frustration and aggravation." (Dkt. 1-2 at Col. 1:53-2:7).

"As such, there is a current need in the art for an image distribution system and method which is structured to dispose one or more capturing devices in a communicative relation with one or more receiving devices for instantaneous, automatic, and/or selective distribution of images there between" using the patented transfer criteria. (Dkt. 1-2 at Col. 2:8-14).

Thus, as alleged, the claims are not devoid of any technological substance as Defendant claims. But given the express recitation of hardware and the allegations that the claims entail an unconventional technological solution through a specialized "transfer criteria" permitting powerful data analytics and comparing, via a computer processor, the received capabilities, the claims are not properly dismissed at this stage.

Construed in favor of Plaintiff at this pleading stage, the arrangement in the asserted

patent claims do not pre-empt the use of the abstract idea of choosing a product or service based on geographical parameters and as alleged include additional features that are more than well-understood, conventional activity. *See Allconnect*, 2018 WL 7377934 at *7.

## V.   CONCLUSION

Defendant has failed to meet its burden at this stage. Additional development of the claims asserted by the Plaintiff is required to have an actual case and controversy. Defendant attempts without proper evidence and over the denial of Plaintiff that Plaintiff is presently taken a position on claim construction for the disputed term "transfer criteria" because Plaintiff has not done so at the pleading stage. Notably, Defendant does not cite to the operative complaint and even in the improperly attached Exhibit C prior company owning the patent-in-suit pursued a claim construction of plain and ordinary meaning. The underlying factual disputes preclude a possibility of granting Defendant's motion. As such, it should be denied without prejudice to Defendant bringing it later after all factual disputes underlying the Section 101 issue and claim construction issues are resolved. The record is not developed enough in the District Court for an appeal invalidating all of the asserted patent claims when said claims have not yet even been identified.

Dated: May 4, 2023                          Respectfully submitted,

GARTEISER HONEA—IP TRIAL BOUTIQUE

*/s/ Randall Garteiser*
Randall T. Garteiser
CA State Bar No. 231821
rgarteiser@ghiplaw.com
Christopher A. Honea
CA State Bar No. 232473
chonea@ghiplaw.com

GARTEISER HONEA – IP TRIAL BOUTIQUE
95 Third St., San Francisco, CA  94103
119 W Ferguson, Tyler, TX  75702

Telephone: (415) 785-3762

***Attorney(s) for Plaintiff***