Neil J. McNabnay, *pro hac vice*
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla, *pro hac vice*
Texas Bar No. 24082704
rbonilla@fr.com
Michael A. Vincent, *pro hac vice*
Texas Bar No. 24105738
vincent@fr.com
FISH & RICHARDSON, P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Michael R. Headley (SBN 220834)
*headley@fr.com*
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant
Afterlight Collective, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rothschild Patent Imaging, LLC,**<br><br>            **Plaintiff,**<br><br>      **v.**<br><br>**Afterlight Collective, Inc.,**<br><br>            **Defendant.** | Case No. 2:23-cv-00456-DJC-JDP<br><br>**REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:  July 6, 2023<br>Time:  1:30 p.m.<br>Courtroom:  10 (13th Floor)<br>Judge:  Daniel J. Calabretta<br>Trial Date:<br>Action Filed:  March 10, 2023 |

# **TABLE OF CONTENTS**

I. Argument ............................................................................................................. 1

    A. Plaintiff's Procedural Grievances Are Baseless. ....................................... 1

        1. Claim 16 is Representative. ............................................................ 1

        2. The Court May Consider the Motion's Exhibits. ............................ 2

    B. RPI Fails to State a Claim Because It Does Not Plausibly Allege the Accused Product Uses a "Transfer Criteria." ........................... 4

    C. The '797 Patent's Claims are Invalid Under 35 U.S.C. § 101. .................. 5

        1. Step 1: The Claims of the '797 Patent are Directed to the Abstract Idea of Receiving, Filtering, and Transmitting Images. ..................................................................... 5

        2. Step 2: The Claims of the '797 Patent Fail to Recite Any Inventive Concept. ................................................................... 6

II. Conclusion ........................................................................................................... 7

# TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*,
  838 F.3d 1253 (Fed. Cir. 2016) ...................................................................................2

*Alice Corp. v. CLS Bank International*,
  573 U.S. 208 (2014) ...................................................................................................2

*Appistry, Inc. v. Amazon.com, Inc.*,
  195 F. Supp. 3d 1176 (W.D. Wash., 2016) *aff'd sub nom. Appistry, LLC
  v. Amazon.com, Inc.*, 676 F. App'x 1008 (Fed. Cir. 2017) ..........................................6

*Aylus Networks, Inc. v. Apple Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017) ...................................................................................3

*Cuvillier v. Taylor*,
  503 F.3d 397 (5th Cir. 2007) ......................................................................................1

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016) ..................................................................................2

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ...................................................................................2, 3

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ......................................................................................2

*PPS Data, LLC v. Jack Henry & Ass., Inc.*,
  404 F. Supp. 3d 1021 (E.D. Tex. Sept. 2019) .............................................................1

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
  442 F.3d 741 (9th Cir. 2006) ......................................................................................3

*Rothschild Digital Confirmation, LLC v. Skedulo Holdings Inc.*,
  No. 3:19-CV-02659-JD, 2020 WL 1307016 (N.D. Cal. Mar. 19, 2020) ...............4, 5, 6

*Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC*,
  No. 1:14-cv-22659 (S.D. Fla.) .....................................................................................3

*Smith v. United States*,
  2018 WL 2338797 (N.D. Cal. May 1, 2018) ...............................................................3

*In re TLI Commc'ns LLC Pat. Litig.*,
  823 F.3d 607 (Fed. Cir. 2016) ....................................................................................2

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
  874 F.3d 1329 (Fed. Cir. 2017) ................................................................................6

*Wi-LAN Inc. v. LG Elecs., Inc.*,
  No. 18-CV-01577-H-BGS, 2019 WL 2270434 (S.D. Cal. May 28, 2019)....................3

*Yu v. Apple Inc.*,
  1 F.4th 1040 (Fed. Cir. 2021), *cert. denied,* 212 L. Ed. 2d 10, 142 S. Ct.
  1113 (2022) ..............................................................................................................5

**Statutes**

35 U.S.C. § 101 ................................................................................................1, 2, 5, 7

**Other Authorities**

Fed. R. Civ. P. 12.............................................................................................................2

Fed. R. Civ. P. 201..........................................................................................................2

Plaintiff's Opposition is an exercise in avoidance that lays bare the flaws in its case. Rather than contesting the substance of the Motion, Plaintiff grouses about perceived procedural errors. Instead of engaging with the merits, Plaintiff refuses to disclose its claim interpretation or infringement theory. If Plaintiff had a case, it would have made it instead of throwing up such chaff. The Opposition's deficiencies paves the way for granting the Motion on each independent ground.

First, Plaintiff does not plausibly allege that the accused product employs a "transfer criteria" in accordance with the specification, litigation history, and the patent owner's representations to the Patent Office. Second, Plaintiff fails to state a claim for relief because the claims are directed to the abstract idea of receiving, filtering, and transmitting images, and they do not claim any inventive concept. There are no legal or factual impediments to disposing of this case now "at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The Complaint should be dismissed with prejudice.

# I. Argument

## A. Plaintiff's Procedural Grievances Are Baseless.

### 1. Claim 16 is Representative.

Plaintiff fails to rebut Defendant's showing that Claim 16 is representative. "Once the defendant has proven a prima facie case demonstrating representativeness, the burden shifts to the plaintiff to **identify limitations that are present in the asserted claims but that are not represented by the allegedly representative claim**." *PPS Data, LLC v. Jack Henry & Ass., Inc.*, 404 F. Supp. 3d 1021, 1031-32 (E.D. Tex. Sept. 2019) (emphasis added). Plaintiff has not identified any differences between Claim 16 and the remaining claims that would affect the § 101 analysis, because there are none. All Plaintiff argues is that Claim 16 is a method claim, and thus "on its face it is not representative of

[the] apparatus claims." (Opp. at 5.) This betrays an unfamiliarity with the law because the Federal Circuit has routinely affirmed the invalidation of claims based on a representative claim of a different type.[1] The Court may treat Claim 16 as representative of all claims for purposes of the Motion because the limitations are substantially the same, any differences do not affect the ineligibility analysis, and Plaintiff has not carried its burden to identify any material differences.

### 2. The Court May Consider the Motion's Exhibits.

Exhibits A, B, and C to the Motion offer strong evidence that Plaintiff is applying the "transfer function" term contrary to prior constructions, and so Plaintiff makes a half-hearted attempt to strike them. Notably, Plaintiff does not contest the authenticity of the documents, but makes purely procedural objections. The exhibits are properly considered, however, because they are matters of public record, of which the Court may take judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (At the Rule 12 stage, "a court may take judicial notice of 'matters of public record.'"); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.' . . . "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)(1)–(2)). "The decision to take judicial notice and/or

---

[1] *See, e.g.*, *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1255 (Fed. Cir. 2016) ("The patent contains two independent claims, one a system claim and the other a method claim."); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1351 (Fed. Cir. 2016) (invalidating various claim types based on a single method claim); *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 610 (Fed. Cir. 2016) ("Independent claims 1 and 25 recite substantially the same concept but do so in the context of an apparatus or system."); *see also Alice Corp. v. CLS Bank International*, 573 U.S. 208, 226 (2014) ("This Court has long warned against interpreting § 101 in ways that make patent eligibility depend simply on the draftsman's art.") (brackets and quotations omitted).

incorporate documents by reference is reviewed for an abuse of discretion." *Khoja*, 899 F.3d at 998.

Exhibit A is a copy of Plaintiff's Opening Markman Brief in the case *Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC*, No. 1:14-cv-22659 (S.D. Fla.). It is a court filing and thus subject to judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

Exhibit B is a copy of a Patent Assignment Cover Sheet filed with the Patent Office that records a purported conveyance that included asserted U.S. Pat. No. 8,437,797. It is publicly available on the Patent Office's website and thus subject to judicial notice. *See Smith v. United States*, 2018 WL 2338797, at n.21 (N.D. Cal. May 1, 2018) ("The court judicially notices the public records available on the United States Patent and Trademark Office website . . . .").

Exhibit C is a copy of Patent Owner's Preliminary Response to Petition for *Inter Partes* Review in IPR2015-00474 concerning the asserted U.S. Pat. No. 8,437,797. It is also publicly available on the Patent Office's website and thus subject to judicial notice. Exhibit C is also able to be considered because it constitutes part of the asserted patent's file history. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017) ("Extending the prosecution disclaimer doctrine to IPR proceedings will ensure that claims are not argued one way in order to maintain their patentability and in a different way against accused infringers.") *Wi-LAN Inc. v. LG Elecs., Inc.*, No. 18-CV-01577-H-BGS, 2019 WL 2270434, at *11 (S.D. Cal. May 28, 2019) ("LG relies on the prosecution history, specifically *inter partes* review proceedings").

Defendant disagrees that a formal request for judicial notice is necessary, or that the exhibits require a declaration as to their authenticity. To the extent either is appropriate, however, Defendant respectfully requests that the Court take judicial notice of Exhibits A, B, and C of the Motion, which are supported by a declaration at Exhibit D.

### B. RPI Fails to State a Claim Because It Does Not Plausibly Allege the Accused Product Uses a "Transfer Criteria."

Plaintiff resists an efficient resolution of this case on the basis that there are purported "factual disputes," yet it fails to actually identify any of those disputes. To be sure, the Court must accept plaintiff's factual allegations as true, but Plaintiff must first make such allegations. For example, Plaintiff argues "transfer criteria" is an "identified approach," but it does not explain what that means or how it creates a dispute.

> . . . the disputed term "transfer criteria" as the claim language in which this disputed term appears plainly limits it to an identified approach in certain independent claims and dependent claims, which is a disputed factual position Plaintiff takes to Defendant's position.

(Opp. at 5.) To the contrary, Plaintiff admits that it refuses to offer a proposed construction. (Opp. at 10 ("Defendant attempts without proper evidence and over the denial of Plaintiff that Plaintiff is presently taken a position on claim construction for the disputed term 'transfer criteria' because Plaintiff has not done so at the pleading stage.").) Because Plaintiff will not disclose what its interpretation is, it fails to demonstrate that a dispute exists, and it therefore forfeits any deference that would otherwise be due. *See Rothschild Digital Confirmation, LLC v. Skedulo Holdings Inc.*, No. 3:19-CV-02659-JD, 2020 WL 1307016, at *2 (N.D. Cal. Mar. 19, 2020) ("To the extent claim construction issues might arise, the Court should adopt the patentee's proposed constructions.").

Absent this cryptic objection, Plaintiff does not address Defendant's argument that the Complaint fails to state a claim by not plausibly alleging the accused product uses a "transfer criteria." (*Compare* Mot. at III.A *with* Opp. at IV.C.) Instead, Plaintiff shrinks from scrutiny by downplaying the reliability of its Complaint ("The attached charts of just one claim are meant to provide only the notice requirement . . . .") and arguing that its true allegations, thus far shrouded in secrecy, will actually satisfy the pleading requirement (Defendant "misstates Plaintiff's infringement position that will be served when it serves its preliminary patent infringement contentions."). (Opp. at 6.)

How can Plaintiff plausibly state a claim for relief if it refuses to disclose both its interpretation of a key claim term and its actual infringement theory? Plaintiff's refusal to address the merits is telling, especially in the face of clear disclaimers that a "transfer criteria" cannot be a manual process. Plaintiff has no answer for how the specification discloses "transfer criteria" to be predefined software code. (Mot. at 6–7.) Plaintiff has no answer for why Mr. Rothschild's predecessor plaintiff argued that manual selection cannot constitute a "transfer criteria." (*Id.* at 7.) Plaintiff has no answer for why the Patent Owner made the same argument before the Patent Office, thereby disclaiming claim scope. (*Id.* at 8.) "In a patent case, 'a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit, such as the claims and patent specification.'" *Rothschild Digital*, 2020 WL 1307016, at *2 (quoting *Secured Mail Sols., LLC v. Universal Wilde*, 873 F.3d 905, 913 (Fed. Cir. 2017)). Because Plaintiff offers no substantive opposition, the Motion should be granted at least on this first ground.

### C. The '797 Patent's Claims are Invalid Under 35 U.S.C. § 101.

#### 1. Step 1: The Claims of the '797 Patent are Directed to the Abstract Idea of Receiving, Filtering, and Transmitting Images.

Plaintiff all but waives any opposition at Step 1 by making a single, easily-refuted argument that claims to devices cannot be abstract. (Opp. at 7 ("Plainly, a human cannot be an image capture device, such that this is not situation where a human can perform the steps of the asserted patent claims.").) The Federal Circuit rejected this argument in *Yu v. Apple*, in which it held that a claim directed to "[a]n improved digital camera" was abstract, despite it requiring a physical device. *Yu v. Apple Inc.*, 1 F.4th 1040, 1042 (Fed. Cir. 2021), *cert. denied,* 212 L. Ed. 2d 10, 142 S. Ct. 1113 (2022). The Asserted Patent's claims directed to an "image-capturing mobile device" or methods for its use are just as abstract as the 'improved digital camera" claims in *Yu*. Plaintiff offers no other argument at Step 1.

### 2. Step 2: The Claims of the '797 Patent Fail to Recite Any Inventive Concept.

Plaintiff's Step 2 rebuttal is similarly thin, consisting primarily of lengthy regurgitations of the specification but not much analysis. Of course, the inventive concept must reside in the claims, so reliance on the specification alone is insufficient. *See Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1338 (Fed. Cir. 2017) ("The main problem that Two-Way Media cannot overcome is that the *claim*—as opposed to something purportedly described in the specification—is missing an inventive concept.")

Plaintiff lodges a second purported factual dispute concerning whether the claimed elements are conventional, either alone or in combination:

> Thus, as alleged, the claims are not devoid of any technological substance as Defendant claims. But given the express recitation of hardware and the allegations that the claims entail an unconventional technological solution through a specialized "transfer criteria" permitting powerful data analytics and comparing, via a computer processor, the received capabilities, the claims are not properly dismissed at this stage.

(Opp. at 9; *see also id.* at 7 ("[T]he combination of the limitations is highly relevant to patentability and completely ignored by Defendant").) To the contrary, it is Plaintiff that has ignored the limitations and their combinations. Plaintiff identifies no specific claim limitation as unconventional and offers only conclusory attorney argument devoid of factual support. Remarkably, the only hardware Plaintiff mentions here is a "computer processor," which is not only generic, but absent from the one claim Plaintiff identifies, Claim 16.

This is not enough because "[n]ot every 'allegation about inventiveness, wholly divorced from the claims or the specification, defeats a motion to dismiss.'" *Rothschild Digital*, 2020 WL 1307016, at *2 (quoting *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019)). Patentee plaintiffs should not have the power to irrefutably **declare** that their claims are inventive. *See Appistry, Inc. v. Amazon.com, Inc.*, 195 F. Supp. 3d 1176, 1183, n.6 (W.D. Wash., 2016) *aff'd sub nom. Appistry, LLC v. Amazon.com, Inc.*, 676 F. App'x 1008 (Fed. Cir. 2017) ("Plaintiff's position is absurd. Requiring the Court to

accept such facts or legal conclusions (even in the form of an early expert declaration) would permit any plaintiff to circumvent the § 101 inquiry on an early motion to dismiss or motion for judgment on the pleadings simply by including a few lines attesting to the novelty of the invention."). Plaintiff once again fails to substantively contest Defendant's arguments. The Motion should be granted at least on this second ground.

## II. Conclusion

RPI fails to state a claim because (A) it does not plausibly allege the Afterlight app uses a "transfer criteria," and (B) asserted U.S. Patent No. 8,437,797 is directed to patent-ineligible subject matter. Afterlight respectfully requests that the Court dismiss RPI's Complaint with prejudice.

Dated: May 15, 2023                               Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Michael A. Vincent*
     Michael A. Vincent

Attorney for Defendant
Afterlight Collective, Inc.